W. F. GEORGE, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

MRS. W. F. GEORGE, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 28037, 28040.   Promulgated May 24, 1929.

*Harry C. Weeks, Esq.*, for the petitioners.
*Maxwell E. McDowell, Esq.*, for the respondent.

OPINION.

SMITH: The petitioners here contend that they are entitled to deduct in their returns for the taxable year 1922 as a bad debt loss the amount of $52,753.19, representing the difference between the face value of a loan made in prior years and the fair market value at the close of the year 1922 of the property held as collateral for the loan, the debtor at that time being insolvent.

The Revenue Act of 1921, section 214(a)(7), provides for the deduction in computing net income of:

Debts ascertained to be worthless and charged off within the taxable year (or, in the discretion of the Commissioner, a reasonable addition to a reserve for bad debts); and when satisfied that a debt is recoverable only in part, the Commissioner may allow such debt to be charged off in part.

We have stated in numerous cases that the requirement of the statute both as to the ascertainment of worthlessness and the charge-off on the taxpayer's books during the taxable year must be complied with in claiming deductions allowable thereunder. See *H. L. Gueydan*, 4 B. T. A. 1250; *Minnehaha National Bank* v. *Commissioner*, 28 Fed. (2d) 763. It is not alleged in the petitions in these proceedings that there was either an ascertainment of worthlessness or a charge-off of the amount in question during the taxable year 1922, when the deduction is claimed, nor is there anything in the record from which we are able to determine whether the petitioners made an ascertainment of worthlessness or a charge-off of the amount during the taxable year. The fact that the petitioners claimed the deduction of such amount in their returns for the year 1922, which returns were filed during the following year, is not proof of an ascertainment of worthlessness or a charge-off during the year 1922. Under these circumstances the disallowance by the respondent of the deduction as a bad debt loss is sustained.

*Judgment will be entered for the respondent.*